DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the judgment of the Lucas County Court of Common Pleas which, following a plea of no contest to an information, found appellant, Rickey E. Moore, guilty of aggravated riot, in violation of R.C. 2917.02(A)(1), a felony of the fifth degree. Appellant was sentenced to eight months in prison on the aggravated riot conviction, which was ordered to run concurrently to his sentence in case number CR01-2923, for aggravated menacing, in violation of R.C. 2903.21(A), a first degree misdemeanor, and consecutive to his sentence in case number CR01-2284, for breaking and entering an unoccupied structure, in violation of R.C. 2911.13(A), a felony of the fifth degree.
 {¶ 2} Appellant raises the following assignments of error on appeal:
 {¶ 3} "Assignment of Error Number One:
 {¶ 4} "The trial court improperly ordered defendant's prison term in case CR0200102922 served consecutively with that in case number CR0200102284.
 {¶ 5} "Assignment of Error Number Two:
 {¶ 6} "Defendant was denied due process of law in that his plea was based on misstatements made to him by his counsel, the state failed to abide by the plea agreement by failing to make a recommendation on the record, and, under the circumstances, any assurance of concurrent sentencing served to negate the voluntariness of the plea of no contest entered by defendant.
 {¶ 7} "Assignment of Error Number Three:
 {¶ 8} "The trial court erred in finding that defendant had been on probation at the time of the offense."
 {¶ 9} As an initial matter, we note that, although not reflected in the statement of his assignment of error, appellant incorporates in his first assignment of error an argument that the trial court failed to make the appropriate findings for maximum sentences, pursuant to R.C.2929.14(C). We find, however, that appellant's argument lacks merit insofar as the maximum sentence was not imposed in this case.
 {¶ 10} Appellant additionally argues in his first assignment of error that the trial court failed to make the necessary findings, pursuant to R.C. 2929.14(E), in ordering consecutive sentences. Specifically, appellant argues that the trial court failed to find that consecutive sentences were necessary to "protect the public * * * or to punish the offender." Insofar as appellant's first and third assignments of error are related, we will consider them together. In his third assignment of error, appellant argues that the trial court erroneously found that appellant was under community control at the time the instant offenses occurred.
 {¶ 11} To impose consecutive sentences, the trial court must make certain findings pursuant to R.C. 2929.14(E)(4), which are:
 {¶ 12} the trial court must find that "the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public;" and the trial court must find "any of the following":
 {¶ 13} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 14} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 15} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 16} In this case, the trial court found that consecutive sentences were "necessary to fulfill the purposes of R.C. 2929.11" and were "not disproportionate to the seriousness of the offender's conduct or the danger the offender poses." R.C. 2929.11(A) states that "[t]he overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender." Thus, we find that the trial court made the necessary findings with respect to the first prong of R.C. 2929.14(E)(4).
 {¶ 17} The trial court also found that appellant was "under community control when the offense was committed." This finding falls under R.C. 2929.14(E)(4)(a) and would have fulfilled the second prong of R.C. 2929.14(E)(4). However, as noted by both appellant and the state, the trial court incorrectly found, due to an inaccurate presentence investigation ("PSI") report, that appellant was under community control at the time he committed the offense. Accordingly, we find that the trial court's finding pursuant to R.C. 2929.14(E)(4)(a) was erroneous.
 {¶ 18} We further find that the trial court failed to make any findings pursuant to either R.C. 2929.14(E)(4)(b) or (c). The state seems to assert that, because the trial court found that consecutive sentences were "necessary to fulfill the purposes of R.C. 2929.11," those being to "protect the public from future crime by the offender * * *," R.C. 2929.14(E)(4)(c) applied in this case. We disagree.
 {¶ 19} First, R.C. 2929.14(E)(4)(c) states that the trial court must find that "[t]he offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." There is no finding on the record by the trial court that, based on "[t]he offender's history of criminal conduct," consecutive sentences are necessary to protect the public. Second, even if we could infer that the trial court ordered consecutive sentences based upon appellant's record, the finding was still erroneous because the information in the PSI report concerning appellant's record, upon which the trial court relied, was inaccurate with respect to an alleged burglary conviction.
 {¶ 20} Accordingly, to the extent that an improper finding was made, with respect to R.C. 2929.14(E)(4)(a), we find appellant's third assignment of error well-taken. Additionally, insofar as the trial court failed to comply with the requirements of R.C. 2929.14(E)(4), we find appellant's first assignment of error well-taken.
 {¶ 21} Appellant argues in his second assignment of error that his plea was not voluntarily entered into because, as part of his plea agreement, the state had promised to recommend concurrent sentencing, thereby limiting appellant's prison time to eleven months.
 {¶ 22} We find that there was no indication or evidence in the record that appellant had been promised a sentencing recommendation by the state. In fact, the state asserts that no such agreement existed. Additionally, we note that appellant was informed of the terms of his plea agreement, including that he could be sentenced to a maximum prison term of 24 months in prison if everything was run consecutively. We further note that any recommendation by the state would not have been binding on the trial court. Accordingly, based on the record on appeal, we find that appellant's plea was voluntarily entered. Appellant's second assignment of error is therefore found not well-taken.
 {¶ 23} On consideration whereof, this court finds that substantial justice has not been done the party complaining with respect to the sentence imposed. Accordingly, the judgment of the Lucas County Court of Common Pleas is reversed as to appellant's sentence. This matter is remanded to the trial court to resentence appellant in accordance with R.C. 2929.14(E). Costs of this appeal to be paid by the state of Ohio.
JUDGMENT REVERSED.
Peter M. Handwork, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.